**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-26-177-D** |
| | ) | |
| **LI SHUN CHEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MOTION FOR PROTECTIVE ORDER

The United States respectfully requests that the Court enter a protective order concerning the disclosure of certain discovery materials. Counsel for the government has contacted counsel for each of the following defendants: (1) Li Shun Chen, (2) Ying Wang, (3) Hong Tao Zhang, (4) Haijiao Lin, (5) Mei Jin Zhou, (6) Jiande Lin, (7) Guang Zhong Xiang, (8) Shao Wei Ni, (10) Feng Pan, (11) Xin Xiang Chen, (13) Ren Ai Zheng, (14) Ganrong Chen, (17) Weijing Liu, (18) Meirong He, (19) Hua Chen, (20) Jin Fu Liu, (22) Xiang Ling Lin, (23) Kongjie Ni, (25) Wenzhi Jiang, (26) Xiaofeng Huang, (28) John Le, (30) Jean Batista, (31) Taylor Ogletree, (33) Henry Alfaro, (37) Bradley Ray Richard, (39) Ariel Smith-Green, (40) Jamarius Davis, (44) Dingfu Yang, (45) Kevin Zheng, and (51) Michael Berhane. Counsel for the named defendants have indicated that they do not object to the requested protective order.

The United States has not received a response from Counsel for (21) Wenjie Ye as to their position on this motion.

On April 21, 2026, the Federal Grand Jury returned a sixty seven-count indictment charging 51 defendants, including all the named defendants above, with drug-related crimes. See Doc. 1. Between April 24, 2026, and May 14, 2026 most defendants named above were arraigned on the indictment and entered pleas of not guilty to all counts in which they are charged. Defendant Wenzhi Jiang has not yet been arraigned. Defendants Li Shun Chen, Ying Wang, Hong Tao Zhang, Haijiao Lin, Mei Jin Zhou, Jiande Lin, Guang Zhong Xiang, Shao Wei Ni, Feng Pan, Xin Xiang Chen, Ren Ai Zheng, Ganrong Chen, Hua Chen, Wenjie Ye, John Le, Jean Batista, Taylor Ogletree, Ariel Smith-Green, Jamarius Davis, Kevin Zheng, Bradley Ray Richard, and Michael Berhane were released on conditions pending trial. Defendants Weijing Liu, Meirong He, Jin Fu Liu, Xiang Ling Lin, Kongjie Ni, Xiaofeng Huang, and Dingfu Yang are currently detained pending trial. Trial is currently set on the June 2026 trial docket.

Discovery in this case is voluminous, and relates to both the charged defendants, and other suspects in an ongoing investigation. Discovery includes evidence from a three-month wiretap on Defendant Li Shun Chen's phone and a two-month wiretap on Defendant Ying Wang's phone which include calls with individuals not charged. Additionally, law enforcement has obtained the content of cell phone downloads and financial records and anticipates obtaining more records of this nature. These documents contain private financial information and personal identifiers, including social security

numbers, dates of birth, and account numbers. The United States intends to largely provide complete and unredacted discovery materials, which will include personal identification information, including social security numbers, dates of birth, and account numbers of the defendants and others. An order from the Court requiring that the defendants use this information only for defense counsels' case-related needs will address any concerns with releasing this information.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides for the type of protective order requested here. That section, entitled "Protective and Modifying Orders," provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The government does not seek to restrict the defendants' access to discovery in this case. Instead, it seeks merely to limit the use of that discovery to its proper purpose in preparing for court proceedings.

This Court has discretion to issue the requested protective order. *See, e.g.*, *United States v. Coiro*, 785 F. Supp. 326, 330 (E.D.N.Y. 1992) ("The decision whether or not to enter such a protective order is—as with all discovery orders of a court under Rule 16—a matter for the discretion of the district court" and "will only merit reversal if the substantial rights of the defendant have been prejudiced.") In this context, a protective order will not impair the defendants' right to access this discovery.

For these reasons, the government respectfully requests that the Court

enter an order that any documents or files produced to the defense by the government be disclosed only to the defendants, defense counsel, and the agents of defense counsel, except as necessary during court proceedings, interviews of potential witnesses, or in court filings consistent with Rule 49.1 of the Federal Rules of Criminal Procedure. The United States would further ask that the named defendants be prohibited from reproducing and providing discovery to third parties, including through writing or orally relating the contents of the downloads from electronic devices, or the personal identifying information from other discovery materials to anyone, aside from the assigned defense counsel or the agents of the defense counsel.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ Elizabeth M. Bagwell
Elizabeth M. Bagwell (DC 1780082)
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8787 (Office)
(405) 553-8888 (Fax)
Elizabeth.Bagwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants associated with this case.

s/Elizabeth M. Bagwell
Assistant United States Attorney