IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| United States of America<br><br>Plaintiff,<br><br>v.<br><br>Ren Ai Zheng,<br><br>Defendant,<br><br>Li Shun Chen a/k/a San Ge,<br>Ying Yang, et al. (52 Defendants) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: CR 26-177 |

**DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

Defendant, Ren Ai Zheng, moves pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure for dismissal of Count One of the Indictment charging conspiracy under 21 U.S.C. § 849.

**BACKGROUND**

On the 2nd day of April, 2026, a fifty-one (51) page indictment was filed in the United States District Court for the Western District of Oklahoma. In the indictment Defendant, Ren Ai Zheng (hereinafter, "Zheng"), was charged with conspiring with marihuana growers allegedly selling marihuana product in the "black market." Defendant, Zheng, was accused of owning, operating, and managing Xing Ning LLC. and using the LLC as owner of his grow operation.

Xing Ning LLC. is not known to Zheng. As such, Zheng has been incorrectly named in the indictment, Zheng has never had a relationship with Xing Ning LLC., and in the indictment there is vague or insufficient information to defend Zheng. Zheng

has neither operated, owned, or in any other way dealt with, or even knew of, Xing Ning LLC.

Further, Zheng knows and has played cards at his home with some of the named defendants in the United States District Court for the Western District of Oklahoma indictment, Case Number CR 26-177. None of the individuals named in the indictment with whom Zheng is acquainted were in business with or traded with Zheng. Mere acquaintance with a conspirator does not in and of itself confirm evidence that Zheng is a co-conspirator.

## LEGAL STANDARD

Under Rule 12(b) of the Federal Rules of Criminal Procedure, a party must raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits. Dismissal is appropriate where the indictment is legally insufficient, where the Court lacks jurisdiction, where the prosecution is barred by law, or where a constitutional violation requires dismissal.

The Sixth Amendment to the United States Constitution requires sufficient notice of the charges so the Defendant can prepare a defense. An indictment may be challenged if it is so vague that the Defendant cannot determine what conduct is alleged.

## ARGUMENT

In the indictment provided to Zheng alleging that a conspiracy existed, provides insufficient information that would allow counsel to effectively represent him. The information that is lacking on the face of the indictment includes:

1. That an agreement existed between Zheng and any of the other named parties in the indictment to commit a drug related crime. The indictment merely states that a conspiracy existed.

2. That there is no notification provided in the indictment who Zheng conspired with to commit a drug related crime, nor that Zheng knew the purpose of the alleged unlawful agreement.

3. That the indictment merely recites that an agreement existed but no information was provided about the when, where, and how the alleged agreement was formed.

4. That a bare assertion that Zheng "conspired" is a legal conclusion rather than a factual allegation.

5. That the allegations describe, at most, that Zheng may have had social contacts with other individuals named in the indictment (This would be logical given the fact that most of Chinese named in the indictment come from the same region in China and each spoke the same dialect of Mandarin. Since few persons in Oklahoma speak Mandarin, it is logical that the only social contact those indicted would have is with other Mandarin speaking persons.)

6. That the indictment does not allege facts demonstrating that Zheng knowingly and intentionally joined an unlawful agreement.

## CONCLUSION

Zheng requests dismissal because the indictment relies on conclusory statements

rather than concrete factual allegations establishing each element of the charged conspiracy. The indictment does not tie any of those named to the Defendant, Zheng. The pleading defects in the indictment are such that Count One of the indictment against Zheng must be dismissed. Finally, all real and personal property owned by Zheng and cited for seizure and forfeiture should be removed from the indictment as being eligible for seizure and forfeiture.

Respectfully submitted by:

______________________________

Ronald D. Wilkinson, OBA #15157
9726 East 42nd Street, Suite 140
Tulsa, Oklahoma 74146
Telephone: (918) 361-9652
Email: rdavidwilkinson@msn.com
Attorney for Defendant, Ren Ai Zheng