UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 26-CR-177-D |
| | ) | |
| LI ZHONG ZHENG, et al. | ) | |
| | ) | |
| *Defendant*. | ) | |

MOTION FOR HEARING PURSUANT TO *JAMES* AND *URENA*
AND BRIEF IN SUPPORT

COMES NOW, Li Zhong Zheng, by and through his attorney of record, and requests the Court hold a hearing pursuant to James and Urena.

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Defendant moves the Court for an order granting, in conformance with Federal Rule of Evidence 801(d)(2)(E) and the holdings in *United States v. James*, 590 F.2d 575 (5th Cir.)(*en banc*) cert. denied, 442 U.S. 917 (1979), as adopted in *United States v. Urena*, 27 F.3d 1487 (10th Cir. 1994), cert. denied, 513 U.S. 977 (1994), to determine which, if any, statements should be provisionally admitted during a trial in this matter as substantive evidence against Mr. Zheng pursuant to Rule 801(d)(2)(E).

Mr. Zheng believes that the government will attempt to introduce alleged co-conspirator statements under the co-conspirator testimony exception to the Federal Rules of Evidence. The government has provided volumes of discovery, yet it is unclear what statements it intends to offer as the statements made by an alleged conspirator, whether or not indicted, in the course of the alleged conspiracy. *See* FRE 801(d)(2)((E). Furthermore,

it is unclear what statements, if any, may be offered as statements of a party's agent or employee on a matter within the scope of that relationship and while it existed, if any. *See* FRE 801(d)(2)(D).

For any such statements to be admissible as non-hearsay under FRE 801(d)(2)(E), the government must establish by a preponderance of the evidence that (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of, and in furtherance of, the conspiracy. *United States v. Hall,* 473 F.3d 1295, 1302-1303 (10th Cir. 2007) (*citing United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir.1997)); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

For purposes of a *James* hearing, the government bears the burden of proving the existence of a conspiracy by a preponderance of the evidence. *Hall*, 473 F. 3d at 1302. To demonstrate the existence of a conspiracy, the government must prove (1) an agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged co-conspirators. *United States v. Ayon Corrales*, 608 F.3d 654, 657 (10th Cir. 2010); *United States v. Johnson*, 12 F.3d 1540, 1545 (10th Cir.1993).

To determine whether a predicate conspiracy existed within the meaning of FRE 801(d)(2)(E), the Court may consider and rely on the actual proffered coconspirator statements; however, in addition, there must be some independent evidence linking the defendants to the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *Owens*, 70 F. 3d at 1124; *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987). Such

independent evidence need not be "substantial." *United States v. Lopez-Gutierrez*, 83 F. 3d 1235, 1242 (10th Cir. 1996); *Owens*, 70 F. 3d at 1124 (citing *United States v. Rascon*, 8 F. 3d 1537, 1541 (10th Cir. 1993)). The "independent evidence" required is "simply evidence other than the proffered [coconspirator] statements themselves." *Owens*, 70 F. 3d at 1124 (*citing Martinez*, 825 F.2d at 1451). A co-conspirator's statement regarding "direct observations and contacts with defendant" is sufficient to constitute the required independent evidence. *Owens*, 70 F. 3d at 1124.

If the evidence shows the existence of a conspiracy and defendant's membership in that conspiracy, the Court must then determine if the statement at issue was made in the course of, and in furtherance of, the conspiracy. *Owens*, 70 F.3d at 1124. To satisfy the requirements of FRE 801(d)(2)(E) the statement must be made by a member of the conspiracy; however, the Rule does not require that it be made to a co-conspirator. *United States v. Cortez*, 252 F. App'x 887, 896 (10th Cir. 2007) (unpublished opinion) (*citing United States v. Williamson*, 53 F. 3d 1500, 1519 (10th Cir. 1995)). A statement is made in furtherance of a conspiracy when "it is intended to 'promote the conspiratorial objectives.'" *United States v. Townley*, 472 F. 3d 1267, 1273 (10th Cir. 2007) (*quoting United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986)). Statements promoting conspiratorial objectives include "'statements that explain events of importance to the conspiracy in order to facilitate its operation.'" *Townley*, 472 F. 3d at 1273 (*quoting United States v. Smith*, 833 F. 2d 213, 219 (10th Cir. 1982)).

The Tenth Circuit has identified a variety of statements which may satisfy the "in furtherance of the conspiracy" requirement of FRE 801(d)(2)(E). For example, "statements

identifying members of a conspiracy" are made "in furtherance of the conspiracy." *Townley*, 472 F. 3d at 1273; *Owens*, 70 F.3d at 22; *Williamson*, 53 F. 3d at 1520. Statements discussing the "particular roles of other coconspirators" also satisfy the requirement. *Williamson*, 53 F. 3d at 1520 (*citing United States v. Magee*, 821 F.2d 234, 244 (5th Cir. 1987)). Statements by a co-conspirator "designed to allay the fears and suspicions of another individual are statements 'in furtherance of' the conspiracy," as are statements attempting to induce a coconspirator's future involvement with a coconspirator. *Williamson*, 53 F.3d at 1521 (*citing United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993)). Statements are also made in furtherance of the conspiracy if they are "statements between co-conspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy." *Townley*, 472 F. 3d at 1273.

As such, and without limitation, the defendant moves the Court to convene a hearing to provisionally determine (1) whether there existed a conspiracy *as charged in the Indictment*, (2) who, if anyone, ever joined *the charged* conspiracy, (3) whether the declarant of any statement proffered by the government was a member of the charged conspiracy, and (4) whether any proffered statement by said declarant was made during the course of and in furtherance of the charged conspiracy. *James*, 509 F.2d at 578. Under *Urena*, the strongly preferred order of proof is to hold a *James* hearing outside of the hearing of the jury before admitting the statement or statements of an alleged co-conspirator. *See Townley*, 472 F.3d at 1273.

In the present case, any out-of-court statements made by alleged co-conspirators that the government seeks to admit at trial should be carefully reviewed by the Court before their admission and should be admitted only if the government satisfies the burden set forth above. In order to minimize the prejudicial impact of such statements, the Court should decide as to their admissibility before the statements are presented to the jury.

WHEREFORE, the defendant respectfully request this Court grant this motion and schedule an evidentiary hearing for the government to identify and present for examination by this Court and counsel, the witnesses, and statements which it intends to offer which are subject to the *James/Urena* hearing requirement. Counsel for Mr. Zheng recognizes that he is probably not the only one who is going to file a *James/Urena* motion and further recognizes that any such hearing could be set off for some time.

Dated this 17th day of August, 2026.

Respectfully Submitted,
Zelbst, Holmes, & Butler
/s/ Clay Zelbst
OBA # 32152
411 SW 6th Street
Lawton, OK 73501
580-248-4844(tel)
580-248-6916(fax)
clay@zelbst.com

CERTIFICATE OF SERVICE

I the undersigned counsel hereby certify that a true and correct copy of the foregoing was served on opposing counsel through the ECF filing system.

/s/ Clay Zelbst